UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GOD LOREN LYLE ZEMPLE,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES FEDERAL GOVERNMENT, PRESIDENT WILLIAM CLINTON, PRESIDENT GEORGE BUSH SENIOR, PRESIDENT GEORGE BUSH JUNIOR, PRESIDENT BARACK OBAMA, STATE OF MINNESOTA GOVERNMENT, HENNEPIN COUNTY, NICOLLET COUNTY, RUSH COUNTY, ATTORNEY MALIN GREENBERG, ATTORNEY FRANCIS RONDONI, ALL OF HONEYWELL INCORPORATED'S ASSETS AND POSSESSIONS, ALL OF AMERICAN FAMILY INSURANCE'S ASSETS AND POSSESSIONS, ALL OF SUPER AMERICA'S ASSETS AND POSSESSIONS, ALL OF CUB FOODS ASSETS AND POSSESSIONS, ALL OF RAINBOW FOODS ASSETS AND POSSESSIONS, and ALL OF LUND'S/BYERLY'S FOODS ASSETS AND POSSESSIONS,<br><br>       Defendants. | Civil No. 12-2004 (SRN/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

An IFP application will be denied, and the action will be dismissed if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(I) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed sua sponte if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In some cases, it can be difficult to discern whether a plaintiff's allegations are truly "delusional," or merely "unlikely." This, however, is not such a case. Plaintiff's complaint is a haphazard collection of words and phrases that is wholly unintelligible. Plaintiff's entire two-page pleading is incoherent.

Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." Without a doubt, the complaint is "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(I).

## **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).


Dated: August   31  , 2012

                                                *s/ Tony N. Leung*
                                                TONY N. LEUNG
                                                United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 18, 2012**.